UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LOL FINANCE CO.,

    Plaintiff,

v.                              **Memorandum of Law & Order**
                                  Civil File No. 09-01587 (MJD/SRN)

MARVIN P. ROBERTS, SANDRA J.
ROBERTS, ROBERTS LIVING TRUST,
and ROBERTS ENTERPRISES INC.,

    Defendants.

---

Jonathan C. Miesen, Stoel Rives, LLP, Counsel for Plaintiff.

Tiffany A. Blofield, Winthrop & Weinstine, P.A., Counsel for Defendants.

---

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Summary Judgment [Docket No. 39]. Plaintiff filed a Complaint alleging (1) Breach of Contract of a Business Loan Agreement and Promissory Note and (2) Breach of Contract of a Commercial Guarantee. The Court heard oral argument on July 1, 2010 and now grants summary judgment.

## II. FACTUAL BACKGROUND

1

Plaintiff LOL Finance Company is a Minnesota corporation that provides financing to agricultural businesses. Defendants Marvin P. Roberts and Sandra J. Roberts (collectively "the Roberts"), Roberts Living Trust ("Roberts Trust"), and Roberts Enterprises, Inc. ("REI") raise and process cattle in Kansas, Texas, Arizona, New Mexico and California. The Roberts are both trustees of Roberts Trust and directors of REI. Mr. Roberts is the President, Treasurer, and sole owner of REI and Ms. Roberts is its Vice President.

In April 2007, Plaintiff agreed to provide the Roberts and Roberts Trust (collectively "the borrowers") with a $1.5 million Line of Credit for purchasing cattle for their business. In late 2007, Plaintiff agreed to increase the principal amount of the Line of Credit to $4 million. To implement the increase, the borrowers executed and delivered a Business Loan Agreement and Promissory Note on December 26, 2007. In May 2008, the borrowers and Plaintiff entered into a Change in Terms Agreement, with Plaintiff agreeing to extend the payment terms of the Line of Credit to July 1, 2008.

In July 2008, after receiving a guaranty by REI of all amounts due on the Line of Credit, Plaintiff again agreed to extend the payment terms. Defendants executed and delivered a new Promissory Note which stated that the borrowers jointly and severally promised to pay Plaintiff the principal sum of $4 million

plus interest at the time the cattle were sold or no later than July 1, 2009. REI then executed and delivered a Commercial Guaranty which stated that REI absolutely and unconditionally guaranteed payment of all amounts due to Plaintiff from the Roberts and Roberts Trust.

In early 2009, the borrowers fell out of compliance with the equity requirements in the loan contracts. Around March 2009, Defendants ceased communicating with Plaintiff and failed to pay the amounts due under the Line of Credit. The Roberts stopped responding to Plaintiff, and mail sent to their address was returned as undeliverable.

On June 22, 2009, Plaintiff commenced this action alleging default under the Business Loan Agreement, Promissory Note, and the Commercial Guaranty. In its March 23, 2010 Memorandum of Law & Order [Docket No. 35], this Court denied Defendants' Motion to Dismiss for want of personal jurisdiction. On April 16, 2010, Plaintiffs filed this Motion for Summary Judgment against Defendants, jointly and severally, in the amount of $1,821,206.65, plus additional interest at the rate of $153.82 per day from April 15, 2010, through the date of entry of judgment.

### III. DISCUSSION

#### A. Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. Summary judgment is only appropriate when "there is no dispute of fact and where there exists only one conclusion." Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994) (citation omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or unnecessary will not be counted. (Id.) The court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the non-moving party. Graves v. Arkansas Dep't. of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000). "[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

### B. Default on Loan Agreement and Promissory Note

There is no dispute that Plaintiff loaned the borrowers the principal sum of $4 million under the Line of Credit. There is also no dispute that the borrowers executed a series of loan agreements and promissory notes in exchange for the loan commitment. The last promissory note was executed by the borrowers and delivered to Plaintiff on July 25, 2008. Under the terms of that note, the borrowers promised to pay Plaintiff the principal sum of $4 million, plus interest, on or before July 1, 2009. The borrowers also promised to pay Plaintiff reasonable attorney fees, costs and disbursements associated with collection upon default. Finally, there is no dispute that the borrowers defaulted on their obligations to Plaintiff by failing to pay the amounts due under the Line of Credit on or before July 1, 2009.

Based upon these undisputed facts, Plaintiff is entitled to judgment as a matter of law against the Roberts and Roberts Trust for all amounts due under the Line of Credit. See e.g., Redman v. Sinex, 675 F. Supp. 2d 961,964 (D. Minn. 2009) (granting summary judgment on promissory note where there was no dispute regarding the extension of credit, failure to pay or amount due); Hipple v. OrthAlliance, Inc., 03-5179 (PAM/RLE) 2004 U.S. Dist. LEXIS 12973 *4-8 (D. Minn. July 10, 2004) (same).

    **C. Default on Commercial Guarantee**

There is also no dispute that REI executed and delivered a Commercial Guaranty to secure the July 25, 2008 Promissory Note. Under the terms of the Commercial Guaranty, REI absolutely and unconditionally guaranteed full and punctual payment of all amounts due to Plaintiff from the borrowers. There is no dispute that REI failed to honor its obligations to Plaintiff under the Commercial Guaranty.

Based upon these undisputed facts, Plaintiff is also entitled to judgment as a matter of law against REI for all amounts due under the Line of Credit. See e.g., Residential Funding Corp. v. McCord, Civil No. 05-2055 (PAM/JJG) 2006 U.S. Dist. LEXIS 75134 **5-7 (D. Minn. 2006) (granting summary judgment based upon personal guaranty); Borg Warner Acceptance Corp v. Shakopee Sports Center, Inc., 431 N.W.2d 539, 540-41 (Minn. 1988) (same). In Jenista v. Burlington N. Airmotive, Inc., the Minnesota Court of Appeals held:

> When two competent parties who can readily read and write, sign a guaranty agreement and the plaintiff on the basis of the guaranty extends credit to [another party], there is nothing left for a court to do but to find a judgment against such guarantors. People who sign documents which are plainly written must expect to be held liable thereon. Otherwise written documents would be entirely worthless and chaos would prevail in our business relations.

388 N.W.2d 770, 773 (Minn Ct. App. 1986) (quoting Watkins Prod., Inc. v. Butterfield, 274 Minn. 378, 380, 144 N.W.2d 56, 58 (1966).

6

### D. Discovery as to Amount Owed

According to the transaction history and interest calculation submitted by Plaintiff, the amount owed on the Line of Credit as of April 15, 2010 was $1,727,488.89 in principal and $93,717.76 in interest, for a total of $1,821,206.65. According to Plaintiff, interest has also accrued since April 15, 2010, and will continue to accrue at the rate of $153.82 per day. Based on these calculations, and the declarations made by Defendants in the Commercial Guaranty and Promissory Notes, Plaintiff argues that the Roberts, Roberts Trust, and REI should be held jointly and severally liable for $1,821,206.65 plus $153.82 per day after April 15, 2010.

Defendants do not dispute liability but rather argue that summary judgment is inappropriate at this time because Plaintiff has not provided sufficient discovery as to the amount owed. Specifically, they contend that the record does not address the total amount of damages owed and that they cannot ascertain how payments they have made are accounted for. They therefore request a continuance pursuant to Federal Rule of Civil Procedure 56(f) in order to obtain discovery as to these issues.

Rule 56(f) exists as a safeguard to ensure that parties are not unfairly thrown out of court by a premature motion for summary judgment. Celotex, 477 U.S. at 326. "If a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may … order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Fed. R. Civ. P. 56(f). "Rule 56(f) allows a party opposing summary judgment to seek a continuance and postpone a summary judgment decision until adequate discovery has been completed." Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997) (citations omitted).

Still, "[d]iscovery is not necessary in every situation." Iverson v. Johnson Gas Appliance Co., 172 F.3d 524, 530 (8th Cir. 1999). The party seeking a Rule 56(f) continuance must do more than simply assert that it may discover additional facts, and must do more than even speculate what the facts may be. See e.g. United States v. Light, 766 F.2d 394, 397-98 (8th Cir. 1985); Willmar Poultry Co. v. Morton-Norwich Prod., 520 F.2d 289, 297 (8th Cir. 1975). "[T]he party seeking protection under Rule 56(f) must do so in good faith, by demonstrating specifically why a response is not possible, what relevant facts discovery might provide, and how further discovery will allow a response."

Boone v. PCL Constr. Servs., 2005 U.S. Dist. LEXIS 41564 at *13 (D. Minn. July 29, 2005). The Eighth Circuit has held:

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where … a party fails to carry his burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified.

Light, 766 F.2d at 397-98 (8th Cir. 1984) (quotation omitted).

Defendants have received sufficient information to calculate the appropriate loss amount. Plaintiff has provided Defendants with a detailed, fifteen-page transaction history that shows every single advance made and every single payment made under the Line of Credit. The transaction history also shows the running principal balance due under the Line of Credit after every transaction, with the ending balance matching the principal sought by Plaintiff in this motion. Additionally, Plaintiff has sent Defendants monthly account statements detailing all advances made, all interest charged and all payments made under the Line of Credit. Finally, Plaintiff has provided all of the loan instruments and other documents relating to the Line of Credit.

Furthermore, Defendants could easily review their own records to determine whether the advances and payments reflected in the transaction history and monthly accounts statements match the advances they received and payments they made under the Line of Credit. "There is no reason to grant a continuance to a litigant who has personal and intimate knowledge of the underlying facts for the purported purpose of conducting discovery to ascertain those identical facts" FTC v. J.K. Publ'n., Inc., 99 F. Supp. 2d 1176, 1200 (C.D. Cal. 2000); see also Mason Tenders Dist. Council Pension Fund v. Messera, 958 F. Supp. 869, 898 (S.D.N.Y. 1997) ("Relief under Rule 56(f) is not appropriate where the discovery allegedly desired 'pertain[s] to information already available to [the non-moving party].'").

Despite receiving Plaintiff's submissions, Defendants failed to dispute a single entry on the transaction history or challenge any information in the monthly account statements. Furthermore, they have not explained how additional discovery would provide them with useful information that they do not already possess. Accordingly, the Court concludes that additional discovery is unnecessary in this matter and that a 56(f) continuance would unduly delay this litigation.

### IV. ORDER

Based upon the files, records and arguments herein, **IT IS HEREBY**

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment [Docket No. 39] is **GRANTED.**

2. Judgment shall be entered against Defendants Marvin P. Roberts, Sandra J. Roberts, Roberts Living Trust, and Roberts Enterprises, Inc., jointly and severally, in the amount of $1,821,206.65 plus additional interest at the rate of $153.82 per day from April 15, 2010 through the date of entry of judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: September 30, 2010          s/ Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court